**430**

James McDANIEL, to his own use and benefit and to the use and benefit of the Insurance Company of North America, The Home Insurance Company and the Mutual Fire Insurance Company of Montgomery County, Plaintiff,

v.

DURST MANUFACTURING COMPANY, Inc., a body corporate, Defendant.

Civ. A. No. 1323–58.

United States District Court
District of Columbia.

May 27, 1960.

Dimond & Thorman, Washington, D. C. (by Burton R. Thorman, Washington, D. C.), for plaintiff.

Edward L. Merrigan, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This is a suit for damages resulting from an explosion of a propane gas cylinder. Plaintiff McDaniel, a plumber, purchased a refill of propane gas [1] from the defendant. On February 24, 1957, the plaintiff was engaged in plumbing work he had been contracted to perform by Nathan and Sylvia Robin, Inc., the tenant of a building owned by Abraham M. and Dora Kaufman. The cylinder exploded in the building, causing an alleged $250 in damages to the plaintiff; $5,323.82 to the tenant, Robin, Inc.; and $852.61 to the owners, the Kaufmans.

These latter two claims, totalling $6,176.43, were paid in full by three insurance companies. Thus, it would appear the insurance companies (as subrogees of the tenants and owners of the building) could have sued:

(1) McDaniel for breach of warranty and McDaniel then could have brought a third-party complaint against the Durst Company for his $250 claim and for indemnity against the claim of the insurance companies, see 3 Moore's Federal Practice 423–427 and cases cited; or

(2) Durst Company for negligently furnishing McDaniel with this cylinder, cf. Hanna v. Fletcher, 1956, 97 U.S.App. D.C. 310, 231 F.2d 469, 58 A.L.R.2d 847, certiorari denied Gichner Iron Works, Inc. v. Hanna, 1956, 351 U.S. 989, 76 S.Ct. 1051, 100 L.Ed. 1501.

Instead of either of these, the insurance companies entered into an agreement with the plaintiff which provided that:

"James McDaniel will institute and prosecute an action against Durst Manufacturing Company, Inc. for the breach of its warranty to him as to the fitness for use of the said cylinder, and to claim in such action such damages as he himself sustained and as have been sustained by the said Nathan and Sylvia Robin, Inc. and its subrogees, Mutual Fire Insurance Company of Montgomery County and Insurance Company of North America, and by Abraham M. and Dora Kaufman and Herman and Bessie Steiner, t/a Kaufman and Steiner Properties, and their subrogee, Home Insurance Company."

The agreement also provided:

"It is further agreed by James McDaniel that out of any monies recovered in the said action above his own interest therein, he will hold in trust for the benefit of the said Mutual Fire Insurance Company of Montgomery County, the Insurance Company of North America and the Home Insurance Company a proportionate share of the monies recovered and will promptly pay the same to the said companies in accordance with their respective interests therein."

The insurance companies agreed that "in consideration" they would forbear from filing suit against McDaniel.

Defendant has moved for judgment on the pleadings, or in the alternative for summary judgment, with respect to those claims brought by McDaniel for the "use plaintiffs"; that is, all claims other than the one for $250.

Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. reads:

"Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express

---

1. McDaniel apparently would bring an empty cylinder to the defendant and receive a cylinder containing gas. The parties are in disagreement as to whether McDaniel purchased (1) a cylinder filled with gas, or (2) just the gas, from the defendant. The Court's disposition of the case makes the resolution of this dispute unnecessary, and the Court mentions it only to indicate that the statement in the text should not be taken as a judgment on the matter.

trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; * * *"

The rule does not create claims where none exist; if, by the substantive law, no claim exists, the suit must be dismissed.

■ Analyzing the factual situation in this case, it is seen that the defendant, Durst Company, contracted with McDaniel and McDaniel contracted with Robin, Inc. The only warranties, therefore, that could be involved are those between the defendant and McDaniel and those between McDaniel and the insurance companies (as subrogees). The defendant did not contract with the tenants or owners of the building and thus there were no warranties to them (and thus none to the insurance companies as subrogees) upon whose breach a suit can be based. Consequently, the agreement entered into between the insurance companies and McDaniel was an attempt by the insurance companies to give to McDaniel that which they did not have: a claim against the defendant based on a breach of implied warranty; the insurance companies not having it to give, McDaniel did not acquire it.[2] Except for the $250 claim, therefore, the complaint does not state a claim upon which relief could be granted either to McDaniel or to the insurance companies. The defendant is entitled to summary judgment on those claims asserted "to the use and benefit of" the insurance companies. Since the remaining claim will not justify a judgment in excess of $3,000, the action shall be certified to the Municipal Court for the District of Columbia.

2. Such cases as J. W. Terteling & Sons v. Central Nebraska Public Power & Irr. Dist., D.C.D.Neb.1948, 8 F.R.D. 210, upon which the plaintiff relies, are clearly distinguishable since plaintiff there had a claim against the defendant "quite irrespective of the channels through which, if successful, it will have finally to distribute the fruits of the litigations." 8 F.R.D. at page 214. In the case at bar, the plaintiff has no claim (other than the one for $250) against the defendant and "the channels of distribution" can hardly serve to feed one in where none exists.