**David BOHN, Appellee,**

v.

**UNITED STATES of America et al.,**
**Appellants.**

**No. 71–1679.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1972.

Decided Oct. 4, 1972.

Scott P. Crampton, Asst. Atty. Gen., Terry Bray, Meyer Rothwacks, Crombie J. D. Garrett, William S. Estabrook, III, Attys., Tax Division, Department of Justice, Washington, D. C., for appellants; Robert G. Renner, U. S. Atty., Thorwald H. Anderson, Jr., Asst. U. S. Atty., of counsel.

Keith D. Kennedy, St. Louis Park, Minn., for appellee.

Before VAN OOSTERHOUT and MURRAH,* Senior Circuit Judges, and HEANEY, Circuit Judge.

MURRAH, Senior Circuit Judge.

Appellee Bohn was arrested by F.B.I. agents in a Minnesota parking lot and charged with conducting a gambling business in violation of 18 U.S.C. § 1955. The arresting agents seized his automobile and over $2,000 in cash. Bohn

---

* Senior Circuit Judge, Tenth Circuit, sitting by designation.

brought this action in District Court seeking a declaratory judgment that the seizure was illegal, and asking the court to order return of the seized property.

Following commencement of the action the Internal Revenue Service levied upon the seized property, pursuant to a writ of execution issued under a default judgment against Bohn in the amount of $749,999.25, for unpaid wagering excise taxes, penalties, and interest. The government then filed its answer to the complaint, asserting the I.R.S. levy as the sole basis for its right to retain the property.

■ The District Court held the seizure invalid and, applying the doctrine of *custodia legis,* also held that the seized property was not subject to execution while in the custody of the law enforcement officials. For reasons which we shall more fully state, we hold that the District Court lacked subject matter jurisdiction, and we must, therefore, reverse.

Jurisdiction was based on 28 U.S.C. § 1346(a)(2), a portion of the Tucker Act vesting District Courts with subject matter jurisdiction of civil claims against the United States not exceeding $10,000 in amount. Bohn's objections to the manner in which his property was seized are not controverted, nor are they in issue, for the government does not now base its claim to the property on the seizure. Rather, in this stance, Bohn's challenge to the government's retention of the property in partial satisfaction of an unpaid federal tax judgment involves solely a question of tax collection. Though this was not origi-

nally a tax case, the levy under the tax judgment introduced the issue of tax collection, and the asserted jurisdiction under 28 U.S.C. § 1346(a)(2) must, consequently, be determined with an eye to the provisions of 26 U.S.C. § 7421(a) and § 7422(a),[1] relating to restrictions on jurisdiction over collection of taxes.

While the provisions of 26 U.S.C. § 7421(a) are general in nature (Holland v. Nix, 214 F.2d 317, 320 (5th Cir. 1954)), the statute has not prevented courts from affording taxpayer relief under extraordinary circumstances (Shelton v. Gill, 202 F.2d 503 (4th Cir. 1953)), as where the assessment is wholly unauthorized. *E. g.,* Singleton v. Mathis, 284 F.2d 616 (8th Cir. 1960). But, "[t]he mere illegality of the exaction is insufficient to justify a holding that the statute prohibiting such actions is inapplicable. This is true even though the asserted illegality is predicated upon a claim of unconstitutionality." Martin v. Andrews, 238 F.2d 552, 557 (9th Cir. 1956). *See also* Matcovich v. Nickell, 134 F.2d 837, 838 (9th Cir. 1943); Bailey v. George, 259 U.S. 16, 20, 42 S.Ct. 419, 66 L.Ed. 816 (1922).

■ The jurisdiction of the District Court is, moreover, also defective because the record discloses no evidence that Bohn has complied with the requirements of 26 U.S.C. § 7422(a). Filing a claim in accordance with that section is a statutory prerequisite to a refund. McMahon v. United States, 172 F.Supp. 490, 496 (D.C.R.I.1959). Probability that the claim will be rejected does not affect this requirement. Unit-

1. 26 U.S.C. § 7421(a) reads:
"Except as provided in sections 6212 (a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

26 U.S.C. § 7422(a) states:
"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have

been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate. according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

ed States v. Felt & Tarrant Manufacturing Company, 283 U.S. 269, 273, 51 S.Ct. 376, 75 L.Ed. 1025 (1931). It has been uniformly held that the provisions of 26 U.S.C. § 7422(a) create a jurisdictional requirement that cannot be waived. United States v. Rochelle, 363 F.2d 225, 231 (5th Cir. 1966). In this posture of the case we do not reach the issue of *custodia legis.*

The judgment is vacated and the case remanded with directions to dismiss for lack of jurisdiction.