**Kenneth R. LaLONDE, Plaintiff,**

**v .**

**UNITED STATES of America et al.,**
**Defendants.**

**No. 4–72–Civ. 459.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 12, 1972.

Robert J. Milavetz, Minneapolis, Minn., for plaintiff.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for defendants.

## MEMORANDUM DECISION

LARSON, District Judge.

Plaintiff taxpayer seeks to enjoin the continuing collection of an amount assessed against him by the Internal Revenue Service in April 1971. At that time plaintiff declined to sign a waiver extending the statutory period within which the Government could investigate taxpayer's 1967 return. The Government followed its customary practice, notifying taxpayer of a "jeopardy assessment" which had been calculated by the use of its current third party sources. The taxpayer had ninety days from the date of notification to contest the jeopardy assessment. Plaintiff herein claims that the notice never reached him. Plaintiff further claims that the procedure which now remains open to him, i. e., to pay the assessment and then file suit for refund, would cause such hardship as to do irreparable harm to his business.

Jurisdiction is alleged not only under the tax laws, but also under 42 U.S.C. § 1983, for plaintiff alleges that the purpose of the assessment is not a tax but a penalty in derogation of his First Amendment rights. Plaintiff is apparently in the business of selling printed matter. He claims that the I.R.S. assessment is a ruse to obtain access to his books and to discover the source of the printed matter which he retails. Apparently plaintiff believes that the publisher or wholesaler with whom he deals may be subject to some Government action if his name were made public. While plaintiff's allegations may not be implausible, they remain mere allegations.

Of greatest import are the jurisdictional issues in this matter. It is clear from the very recent decision of the Eighth Circuit in Bohn v. United States, 467 F.2d 1278 (8th Cir., 1972), that the jurisdictional implications of the tax statutes generally control disposition of cases falling within those statutes even when other jurisdictional grounds are alleged. The Court there said:

"(T)he mere illegality of the exaction is insufficient to justify a holding that the statute prohibiting such actions is inapplicable. This is true even though the asserted illegality is predicated upon a claim of unconstitutionality . . . ." (Citations omitted.)

Thus, although plaintiff characterizes this matter as a request to enjoin the abridgement of plaintiff's First Amendment rights, it is factually within the tax statutes, and this Court is compelled to acquiesce in the jurisdictional limitations of those statutes.

Section 7421(a) of the Internal Revenue Code of 1954 prohibits suits "for the purpose of restraining the assessment or collection of any tax" in this Court. While judicial exceptions have been carved out over the years to meet what were deemed to be extraordinary circumstances, those exceptions were sharply limited by the Supreme Court in 1961 in Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961). There the Court made it clear that the plaintiff must demonstrate that under no circumstances could the Government's claim for taxes ultimately prevail. A claim of irreparable injury is not sufficient to establish jurisdiction in a Federal district court. Id. at 6, 82 S.Ct. 1125. It is not enough that plaintiff allege that the assessment is based on erroneous information; rather, he must demonstrate some legal bar to the Government's collection procedure. This plaintiff herein cannot do, for the Government has complied with its statutory duties.

A further jurisdictional bar to the plaintiff's case was noted in *Bohn*. Before the plaintiff can seek relief from this Court he must comply with the provisions of 26 U.S.C. § 7422(a), filing a claim with the Internal Revenue Service.

**978**

Bohn v. United States, *supra,* 467 at 1279–1280. Plaintiff admittedly has not pursued this remedy.

■ In summary, the jurisdictional limitations of the tax statutes prevail despite plaintiff's attempt to cast this case as a denial of his civil rights. Those statutes erect severe barriers against this Court's consideration of an injunction prohibiting the assessment and collection of taxes. Plaintiff must pursue those remedies provided for in the tax scheme. Consequently plaintiff's motion for injunctive relief is denied, and the Government's motion to dismiss must be, and is hereby, granted.