**UNITED STATES of America**

v.

**THOMAS B. BOURNE ASSOCIATES and Henningson, Durham and Richardson, Inc.**

**Civ. A. No. 72–1516.**

United States District Court,
E. D. Pennsylvania.

Dec. 7, 1973.

Roger C. Wesley, Civ. Div., Dept. of Justice, Washington, D. C., Robert E. J. Curran, U. S. Atty., Kenneth R. Dixon, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Ralph B. Powell, Jr., Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for Bourne.

James D. Wilder, Detweiler, Hughes & Kokonos, Philadelphia, Pa., for Henningson.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

This is an action to recover damages in the amount of $128,000 which allegedly resulted from a breach of a contract between the plaintiff and the defendant Thomas B. Bourne Associates (hereinafter called "defendant"). Defendant has moved for partial summary judgment as to the claim for $128,000, arguing that plaintiff is entitled to nominal damages at most. We will grant the motion.

On June 29, 1965, the plaintiff, through the Administration for International Development, granted to the Government of British Guiana the sum of $1,500,000 for the financing of improvements to Atkinson Airport in British Guiana. The Government of British Guiana became the independent Republic of Guyana on May 26, 1966 and will hereafter be referred to as "Guyana". On November 4, 1965 plaintiff entered into a contract with the defendant for the furnishing of engineering services to Guyana for on-site inspection of construction of improvements to Atkinson Airport owned by and located in Guyana. The compensation to defendant under that contract was to be made from the grant of $1,500,000. The damages claimed are alleged to have resulted from the defendant's breaches of that contract.

It is clear that the agreement between the plaintiff and the defendant was one in which the plaintiff was the promisee in a contract under which Guyana was a

third-party donee beneficiary. The ALI Restatement Contracts § 133 states:

"Where performance of a promise in a contract will benefit a person other than the promisee, that person is * * * (a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise * * * is to make a gift to the beneficiary * * *."

Here, the performance was for the benefit of Guyana, and since the services were paid for from a gift by plaintiff to Guyana, Guyana was a donee-beneficiary of the contract.

■ It is well settled that the promisee of a *donee-beneficiary contract* having no pecuniary interest in its performance, and suffering no pecuniary damages for its breach, may recover only nominal damages.

"The party to the contract would have no action for its breach except for nominal damages since he was not the one who suffered by the promisor's fault." Isbrandtsen Co. v. Local 1291, etc., 204 F.2d 495, 497 (C.A. 3, 1953).

*See also* ALI Restatement (Second) of Contracts § 136, comment a at 35 (Tent. Draft No. 3, 1967).

In the present case, the services under the contract were to be rendered to and for the benefit of Guyana. If there was a breach of the contract, it was Guyana which suffered the damages and not the United States. *See* 2 Williston on Contracts § 357 (3rd ed. 1959). And in 5 Corbin on Contracts § 1088, p. 478 (1964), it is stated that a " * * * breach of a gift promise seldom causes any injury to the promisee, since the promised performance is to be a gift to a third party and will not benefit the promisee."

The Government argues that the broad policy behind the grant by the Administration for International Development is to maintain the stability and freedom from Communism of underdeveloped nations and that therefore the United States does in fact have an interest in the performance of this contract. This may well be, but not only is this not a pecuniary interest, *see* Curtner v. United States, 149 U.S. 662, 671, 13 S. Ct. 985, 37 L.Ed. 890 (1893), but there is no allegation anywhere that this somewhat intangible and certainly unmeasurable interest has suffered in any way. It is perhaps conceivable, although we express no opinion on the matter, that if the United States could show that Guyana became unstable and the subject of Communist infiltration and if it was further shown that this unfortunate condition resulted from the failure of the defendant to perform its contract, there may be a violation of the promisee's interest. However, there is no contention presently that such is the case.

■ The provisions of F.R.Civ.P. 17(a) do not affect the result we have reached. That Rule provides in pertinent part:

"(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. * * * [A] party with whom or in whose name a contract has been made for the benefit of another * * * may sue in his own name without joining with him the party for whose benefit the action is brought; * * *."

The inclusion of a "party with whom or in whose name a contract has been made for the benefit of another," however, was purely

" * • * * upon the ground of caution. The inclusion was to make clear that a party with whom or in whose name a contract had been made for the benefit of another was not to be deprived of his common law right because another was the beneficial owner, and also to make certain that he need not join the beneficial owner." 3A Moore's Federal Practice ¶ 17.-13[1] (2d ed. 1970).

Its purpose, then, was to protect the right of the promisee to sue, where he had such a right under the substantive law. That is, if the promisee had such a

substantive right, then it was a real party in interest under Rule 17. But since Rule 17 is simply a rule of procedure, it did not, and could not, create rights where none exist under the substantive law. McDaniel v. Durst Manufacturing Company, 184 F.Supp. 430, 432 (D.D.C. 1960). Thus the words of art, "real party in interest" should be understood, as Moore suggests, *ibid.*, ¶ 17.07 to mean that:

> "*An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced.*" [Emphasis in original.]

■ Since it is now quite clear that it is the donee-beneficiary who has the enforceable right to recover *compensatory* damages for a breach of the contract made for his benefit, Johnson Farm Equipment Co. v. Cook, 230 F.2d 119 (C.A. 8, 1956); 2 Williston on Contracts § 356, p. 828, § 357, p. 849 (3rd ed. 1959), an action to recover such damages, under Rule 17, must be brought in the name of the donee-beneficiary. Therefore, while the United States is a "real party in interest" for purposes of recovering *nominal* damages, according to its rights under the substantive law, only Guyana may prosecute the claim for the alleged $128,000 in compensatory damages.

The Government in its brief asks that if we grant the defendant's motion we should nonetheless permit joinder of the Guyanese government by way of amendment to the complaint, citing F.R.Civ.P. 21. We do not reach that question at this time for a very plain and simple reason: the Guyanese government has not asked to join as a party-plaintiff. In the absence of a motion by Guyana we are certainly not constrained to force it to become a litigant in a foreign land. For all that appears, there may be sound economic, political or diplomatic reasons why the Government of Guyana would prefer to abjure litigation and to remain aloof from the courts of the United States, and we will not compel it to come here and sue. Therefore, until such time as the motion may be properly before us, made by the proper party, we express no opinion on the propriety of the joinder at this date of the Government of Guyana.