**DELAWARE VALLEY AUTOMOBILES, INC.**

v.

**UNITED STATES of America.**

**Civ. A. No. 72–1930.**

United States District Court,
E. D. Pennsylvania.
May 13, 1974.

J. Earl Epstein, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., C. Oliver Burt, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, Chief Judge.

This is an action by an automobile dealer for a refund of the federal excise tax on passenger automobiles, repealed by § 401 of the Revenue Act of 1971, P. L. 92–178, 85 Stat. 497 (December 10, 1971) ("Act"). Defendant has moved to dismiss for lack of jurisdiction over the subject matter. F.R.Civ.P. 12(b)(1). The motion will be granted for the reasons which follow.

Section 401(b) of the Act provided that a "manufacturer, producer, or importer" of passenger automobiles may receive a credit or refund from the Secretary of the Treasury of excise tax paid on passenger automobiles sold to a dealer on or before December 10, 1971, and held for sale by the dealer on that date. In order to receive this credit or refund, § 401(b)(1)(A) requires the "manufacturer, producer, or importer" to file a timely claim with the Secretary of the Treasury, and § 401(b)(1)(B) requires the "manufacturer, producer, or importer" to reimburse the dealer in the amount of the excise tax or obtain a written consent to the allowance of the credit or refund.

Section 401(c) of the Act provides for a credit or refund to a "manufacturer, producer, or importer" as to excise taxes on passenger automobiles sold to ultimate consumer purchasers after August 15, 1971 but on or before December 10, 1971. Section 401(c)(2) requires the "manufacturer, producer, or importer" to file a timely claim with the Secretary of the Treasury after first reimbursing the ultimate consumer purchaser.

The complaint alleges:

Before August 16, 1971, plaintiff had purchased from General Motors Corporation thirty-two new Cadillac automobiles on which federal excise tax in the amount of $14,968.97 had been paid. Between August 16, 1971 and December 10, 1971, plaintiff sold twenty-seven new Cadillac automobiles to ultimate consumer purchasers, and in anticipation of the well-publicized pending repeal of the federal excise tax, it made refunds of the tax to these ultimate consumer purchasers. On December 10, 1971, plaintiff held in its inventory for sale to ultimate consumer purchasers five new Cadillac automobiles.

Plaintiff repeatedly made demand against General Motors Corporation to file a claim for and make refund to plaintiff of both the $12,653.49 excise tax paid on the twenty-seven new Cadillacs sold to consumers before December 10, 1971 and the $2,315.48 excise tax paid on the five Cadillacs held in inventory on December 10, 1971.

On or about October 2, 1972, General Motors filed a refund claim for excise taxes paid on the five Cadillac automobiles held by plaintiff on December 10, 1971 in its inventory, but filed no claim for refund for the excise tax on the twenty-seven Cadillac automobiles sold by plaintiff between August 16, 1971 and December 10, 1971. General Motors

Corporation made no reimbursement of the excise tax with regard to any of the automobiles.

Finally, plaintiff alleges that it filed a timely claim for refund with the Internal Revenue Service with regard to all thirty-two automobiles in question, demanding refund of the excise tax in the amount of $14,968.97.

■ Defendant argues that plaintiff is not a manufacturer, producer, or importer within the meaning of § 401 of the Act, and therefore is not a proper party to file a claim for refund of the excise tax under that section. We agree.

Jurisdiction in this case is based on 28 U.S.C. § 1346(a)(1) which provides that the district courts have original jurisdiction of:

"Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws * * *."

However, 26 U.S.C. § 7422(a) requires the filing of a refund claim with the Secretary of the Treasury or his designate, "according to the provisions of law in that regard," before institution of a civil suit for a refund. *See* Schuylkill Haven Trust Co. v. United States, 252 F.Supp. 557 (E.D.Pa.1966). Section 7422(a) provides in full:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions*

*of law in that regard,* and the regulations of the Secretary or his delegate established in pursuance thereof." [Emphasis added.]

It has been uniformly held that the provisions of 26 U.S.C. § 7422(a) create a jurisdictional requirement that cannot be waived. Bohn v. United States, 467 F.2d 1278 (C.A.8, 1972). Although this stringent policy regarding refund claims may work hardships in specific cases, the rationale for the rule was expressed by Judge Goodrich in Nemours Corp. v. United States, 188 F.2d 745, 750 (C.A.3, 1951):

"A long-standing statutory provision with regard to tax refunds is that suits may be brought only after a claim for refund has been filed with the Commissioner in accordance with the law and Treasury Regulations.

\*　　\*　　\*　　\*　　\*　　\*

"This is hard law, no doubt. Perhaps it is necessarily strict law in view of the scope of the operations of a fiscal system as large as that of the United States. Whether that is so we are not called upon to say. We apply the rule; we do not make it. It is to be observed that recovery of claims against the Government has always been the subject of a strict compliance requirement. The recovery of claims for tax refunds is but an application of this broad and strict rule."

Thus, under 26 U.S.C. § 7422(a), we do not have jurisdiction over plaintiff's suit for refund of excise tax payments unless plaintiff has made a claim for refund according to the provision of law in that regard. However, the law makes no provision for the filing of a claim by a dealer; the claim may only be filed by a "manufacturer, producer, or importer." Whatever cause of action may arise from the failure to make the refund lies solely with the entity statutorily designated to make the claim. Since this class does not include a dealer, there has not been and cannot be compliance with 26 U.S.C. § 7422(a) by plaintiff and we lack subject matter jurisdiction.

Plaintiff argues that it may sue under F.R.Civ.P. 17,—the "real party in interest" Rule. We are not persuaded. That Rule is simply a rule of procedure. It did not and could not create rights where none exist under substantive law. United States v. Thomas B. Bourne Associates, et al., 367, F.Supp. 919 (E.D. Pa., 1973). As Professor Moore suggests, the Rule should be read to mean:

> "*An action shall be prosecuted in the name of the party who, by the substantive law, has the right sought to be enforced.*" [Emphasis in original.] 3A Moore's Federal Practice ¶ 17.07 (2d ed. 1970).

Since it is clear that the statute gives the right only to the manufacturer, Rule 17 cannot create an additional right in the dealer.