Edwin C. UDEY, Plaintiff,

v.

DISTRICT DIRECTOR, INTERNAL REVENUE SERVICE, and Paul D. Williams, Former District Director, Internal Revenue Service, Defendants.

Edwin C. UDEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

MISSION OF OUR CHRISTIAN HERITAGE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. Nos. 81–3037, 81–3062 and 81–3063.

United States District Court,
W. D. Arkansas,
Harrison Division.

Jan. 22, 1982.

Edwin C. Udey, pro se.

Lawrence Sherlock, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

WATERS, Chief Judge.

The above captioned matters are three separate lawsuits filed by Edwin C. Udey. These three suits represent Mr. Udey's attempt to prevent the United States Internal Revenue Service from collecting taxes from him which it has determined to be due. Since the issues applicable to these three separate suits and the law to be applied in resolving these matters are similar, the Court will consider the matters together.

The two matters in which Mr. Udey is the individual plaintiff are filed by him *pro se*, and in the case in which Mission of Our Christian Heritage is plaintiff, he signs the document filed by him to start the lawsuit as "Pastor."

Case No. 81–3037 styled Udey v. District Director, Internal Revenue Service, and Paul D. Williams, Former District Director, was filed by Mr. Udey on June 29, 1981, in the Circuit Court of Baxter County, Arkansas. The pleading initially filed by him was

entitled "Action at Law To Rescind 90 Day Letter Dated April 2, 1981." The complaint alleges that the Court had jurisdiction to hear the action "by authority of Arkansas Statutes 41–1901, 41–1902, 41–1903 and 68–1302 on fraud, and U.S.C. 42, 1983 and U.S.C. 42, 1986."

It is alleged that on April 2, 1981, Paul D. Williams "sent a false and fraudulent Notice of Deficiency against Edwin C. Udey for the years 1978–1979 for a combined amount of $5,731.23." It is alleged that the Notice of Deficiency is false and fraudulent and is a violation of "Arkansas Statutes 41–1901, 1902, 1903 and 68–1302." It is further alleged that the Notice of Deficiency is in violation of Sections 2, 3, 7, 12, 13, 21, 22, and 29, Art. 2 of the Arkansas Constitution, and Amendments 5 and 7 of the United States Constitution.

It is alleged:

Defendants acted maliciously and with malice aforethought in conspiracy and outside the jurisdiction of the Law Court in their contempt of 5 USC as itemized above in their refusal to adhere to 5 USC. Thus the defendants have maliciously and deliberately violated 42 USC 1983 and 1986.

The prayer of the pleading is as follows:

THEREFORE the Plaintiff demands that the court convene a COMMON LAW JURY and award Plaintiff $5,731.23 actual damages from the defendants under Holy Bible Law. See Deut: 19:16–19 and I quote:

"If a false witness rise up against any man to testify against him that which is wrong;

"Then both the men, between whom the controversy is, shall stand before God, before the priests and the judges, which shall be in those days;

"And the judges shall make diligent inquisition, and, behold if the witness be a false witness, and hath testified falsely against his brother;

"Then shall ye do unto him, as he had thought to have done unto his brother: so shalt thou put the evil away from among you."

Further the Plaintiff demands damages of $11,462.46 under Holy Bible Law as found in Exodus 22:1–9 and such other relief as Plaintiff is entitled to at Law and Natural Equity ("Common honesty and right in a person's dealings with others."—Ballentine)

By petition of removal filed July 10, 1981, this matter was removed to this Court and the defendants moved to dismiss the action.

On October 1, 1981, plaintiff filed a document which he entitled "Action For Judicial Review" which commenced the case of *Mission Of Our Christian Heritage v. United States*, Case No. 81–3063. In his pleading he alleged that the Internal Revenue Service, acting through its District Director, "is proposing a false and fraudulent assessment of $4,413.04 plus interest against MISSION OF OUR CHRISTIAN HERITAGE (Exhibit A) relative to 'alleged' income taxes and penalties against one Edwin C. Udey for the years 1976 and 1977." In his prayer, he requests that:

1—That the rights of the MISSION OF OUR CHRISTIAN HERITAGE be preserved under 28 USC Rule 38.

2—For judicial review and the removal (and to rescind) said false and fraudulent assessment.

3—For the court to award attorney fees.

Defendant also moved to dismiss this action.

Also on October 1, 1981, Mr. Udey filed another action against the United States, Case No. 81–3062. He also entitled the document filed which started that action as "Action For Judicial Review." In this lawsuit he says that the Internal Revenue Service filed a false and fraudulent lien for alleged taxes in Marion County and in Baxter County of Arkansas on September 15, 1981, with the amount of the lien filed in Marion County being $10,488.19 and the amount of the one filed in Baxter County being $6,580.29.

He alleges:

I was not required to file for the four years in question. My meager Social Se-

curity income is not taxable income according to my understanding of the law and this was verified by Cecil Kelly in the Little Rock IRS office, although the IRS has treated it as taxable.

In his prayer in this lawsuit he states that "I make this request to the court for judicial review, for the removal (and to rescind) the tax leins [sic] in Marion and Baxter Counties that were filed Sept. 15, 1981 and for the court to award attorney fees." The defendant also moved to dismiss this action.

■ The Court finds that it clearly does not have jurisdiction in any of these cases and that, as far as an action in this Court is concerned, they are frivolous on their face and without merit. Whether Mr. Udey actually owes the tax the Internal Revenue Service says is due is of no importance in determining the jurisdiction of this Court. The law very specifically provides a remedy for him and other taxpayers in the event that the Internal Revenue Service is wrong and he does not owe the tax. The Internal Revenue Code gives a taxpayer such as Mr. Udey very adequate means to contest any assessment made by the Internal Revenue Service. The provisions of the Internal Revenue Code provide that he may either bring an action in the Tax Court to contest the assessment (26 U.S.C. § 6213), or pay the tax and bring an action in district court to recoup it (26 U.S.C. § 7422). However, Mr. Udey, rather than following the procedures set down by law to contest and determine whether a tax assessment is actually due, has filed a succession of lawsuits in attempting to get the courts to, in effect, enjoin the Internal Revenue Service from proceeding to collect the taxes assessed. The law very specifically provides that the court simply cannot do this.

28 U.S.C. § 7421(a) provides that, except in circumstances not relevant in this matter, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." In *Enochs v. William Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the United States Supreme Court held, in applying this statute, that:

> Only if it is then apparent that under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the district court is without jurisdiction, and the complaint must be dismissed.

In the case of *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496, the court reiterated this holding and made it clear that it would be a rare case indeed in which the district court would have jurisdiction to issue an injunction to prevent the government from collecting taxes.

Clearly, in *Udey v. United States*, Case No. 81–3062, and *Mission Of Our Christian Heritage v. United States*, Case No. 81–3063, the plaintiff is attempting to enjoin the collection of taxes in violation of this provision of law. It is equally clear that the law is that this Court has no jurisdiction in these two cases unless it is evident from the pleadings filed by the taxpayer that there is no way that the government can ultimately prevail. This is not at all clear and for this reason the Court has no choice but to dismiss these two actions pursuant to the provisions of the Anti-Injunction Act as interpreted by the United States Supreme Court in *Enochs, supra*, and *Bob Jones University, supra*.

■ While, from the relief asked in these two cases, it is apparent that the taxpayer seeks to enjoin or prevent the Internal Revenue Service from collecting taxes which it has assessed, it might be pointed out that even if the taxpayer has not asked for an injunction, but has asked for declaratory relief, it is equally clear that the taxpayer cannot prevail. The declaratory relief statute, 28 U.S.C. § 2201, specifically prohibits relief in cases involving federal taxes, and the courts have consistently held that the prohibition contained in the declaratory relief statute presents as great an obstacle to taxpayers as does the Anti-Injunction Act. *Bob Jones University, supra.*

For the reasons set forth above, the motions to dismiss filed in behalf of the United States in Case No. 81–3062 and in Case No. 81–3063 will be granted, and separate orders will be entered in those two cases dismissing them with prejudice.

Subsequent to the removal of *Udey v. District Director*, Case No. 81–3037, Mr. Udey filed an "Amended Action at Law" consisting of some eight (8) typewritten pages and twelve (12) exhibits. This action purports to be a direct action against the District Director of the Internal Revenue Service, William F. Barlow, and the former District Director, Paul D. Williams. The portion of his pleading which could be considered the prayer states:

I ask the jury to award $12,000.00 in actual damages from each of the defendants as a minimum under Bible Law: "If a false witness rise up against any man to testify against him that which is wrong; then both the men, between whom the controversy is, shall stand before the LORD, before the priests and judges, which shall be in those days; and the judges shall make dilligent [sic] inquisition: and, behold if the witness be a false witness, and hath testified falsely against his brother; then shall ye do unto him, as he had thought to have done unto his brother; so shalt thou put the evil away from among you." (Deuteronomy 19:16–19)

I ask the jury to award punitive damages in the amount of $48,000.00 from each of the defendants in accordance with Bible Law:

"___ if I have taken any thing from any man by false accusation, I restore him fourfold." (Luke 19:8)

See also Exodus 22:1.

I ask the jury for such other relief as Plaintiff is entitled to at Law and Natural Equity ("Common honesty and right in a person dealing with others." Ballentine), for costs and attorney fees.

The defendants in response to this action filed a motion to dismiss and accompanied it with affidavits signed by Mr. Williams and Mr. Barlow. In each of these affidavits, the defendants swear:

## II.

I have reviewed the complaint in the above-captioned action and find that I have no firsthand knowledge or involvement with respect to the matter set forth in the complaint.

## III.

In all actions of official interest during all time material to the above-captioned case, I acted under color of office, in good faith, upon reasonable grounds, and in the pursuance of official duties as District Director of the Internal Revenue Service, Little Rock District.

It is not clear from the pleadings filed by Mr. Udey in this action exactly on what grounds he seeks to recover damages from the District Director and former District Director of the Internal Revenue Service other than on the basis of their alleged violation of certain biblical proscriptions. While the Court agrees that the citations from the Bible are certainly admonitions which all of us should seek to follow, they are not sufficient to support a cause of action in this case. The plaintiff has not pointed to any provision of law to support his cause of action against the defendants in this case, although he mentions several statutes which he says were violated. The only provisions of law which he mentions which even come close to supporting his cause of action are the provisions of 42 U.S.C. §§ 1983, 1985 and 1986. However, the Court finds that his pleadings fail to state a cause of action under these provisions or any other provisions of law.

The allegations of plaintiff's pleadings, even if taken as true, do not show any violation of constitutional rights or any bad faith on the part of the defendants. It is apparent from Mr. Udey's pleadings that he alleges that all of the actions taken by the defendants were pursuant to federal statutory law. The affidavits of the defendants, which remain uncontroverted, show that they were acting under color of their office,

in good faith, upon reasonable grounds, and in pursuance of their official duties.

■ The law clearly is that a federal officer is absolutely immune from action based upon common law torts occurring within the scope of the officer's duty. *Spalding v. Vilas*, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

■ Even if Mr. Udey's pleadings alleged torts of constitutional dimensions, absolute immunity will still bar action against employees of administrative agencies who have the discretionary function to decide whether a proceeding shall be brought. *Butz v. Economou, supra.*

In *Butz, supra,* the United States Supreme Court held that even where the absolute immunity doctrine does not apply, federal officers still have a qualified immunity and are immune from suit except where they "discharge their duties in a way that is known to them to violate the United States Constitution."

The allegations in Udey v. District Director, Case No. 81–3037, clearly do not state a cause of action against the defendants for the reasons set forth above, and the motion to dismiss filed in behalf of the defendants in this action will also be granted.

Separate orders will be entered in each of the above captioned matters dismissing the actions.

If Mr. Udey, in fact, does not owe the taxes which have been assessed against him, he has two courses of action which are certainly adequate. He may, as pointed out above, refuse to pay the tax and bring an action in Tax Court (26 U.S.C. § 6213), or he may pay the tax and bring an action in district court to recoup it (26 U.S.C. § 7422). He may not, however, prevent the payment of the tax by seeking to enjoin the United States and its duly authorized officers from collecting the tax, nor may he sue those officers for damages for acting to carry out the duties imposed upon them by law.