John H. CRABTREE

v.

## COMMISSIONER OF INTERNAL REVENUE SERVICE and the United States of America.

### Civ. A. No. 85-23-B.

United States District Court,
M.D. Louisiana.

July 12, 1985.

Charles F. Thensted, New Orleans, La., for plaintiff.

Merrick J. Norman, Jr., Asst. U.S. Atty., Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

John Crabtree filed this suit against the Commissioner of the Internal Revenue Service ("IRS") and the United States of America ("U.S.") seeking a declaration that taxpayers are entitled to an administrative hearing prior to final assessment by the IRS in cases brought under 26 U.S.C. § 6672(a).[1]  Plaintiff also seeks a return of funds seized by the IRS.

Crabtree served as chairman of the board of First Southern Capital Corpora-

---

1. 26 U.S.C. § 6672(a) provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

**258**

tion, which held a substantial interest in another corporation, Diva, Inc. Crabtree also served as a member of the board of directors of Diva. Since 1978 Crabtree has been embroiled in a dispute with the IRS over unpaid taxes and penalties owed by Diva for which the IRS seeks to hold Crabtree responsible. Crabtree contends that while an appeal of his liability for Diva's obligations was pending and after he had been notified by the IRS that no further collection action against him would be taken pending the outcome of his appeal, his personal tax refund for the 1983 tax year was seized by the IRS. It is these funds which plaintiff seeks to recover.

This matter is now before the Court on the motion of the U.S. to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. No oral argument is required on this motion.

■ The U.S. contends that Crabtree's claims for declaratory relief are barred by 28 U.S.C. § 2201(a),[2] the Declaratory Judgment Act. This Court agrees with the U.S.'s contentions. The Declaratory Judgment Act specifically prohibits federal courts from entering declaratory judgments with respect to federal taxes. *Wingreen Co. v. Brock*, 412 F.2d 1048, 1051 (5th Cir.1969); *Udey v. District Director*,

*IRS*, 534 F.Supp. 219, 221 (W.D.Ark.1982); *Life Science Church · v. IRS*, 525 F.Supp. 399, 403 (N.D.Cal.1981).

■ The U.S. further contends that this Court lacks jurisdiction over Crabtree's claim for the return of the funds from his 1983 income tax return which the IRS seized because Crabtree has failed to file a formal claim for a refund with the IRS as required by 26 U.S.C. § 7422(a).[3] The law is clear that the requirement set forth in § 7422(a) that a claim be filed with the IRS is jurisdictional in nature. *Southwestern Life Insurance Co. v. United States*, 560 F.2d 627, 630–32 (5th Cir.1977); *United States v. Rochelle*, 363 F.2d 225, 231 (5th Cir.1966); *Algonac Manufacturing Co. v. United States*, 428 F.2d 1241, 1249, 192 Ct.Cl. 649 (1970). Crabtree asserts, however, that his correspondence with the IRS prior to the seizure constitutes an informal notice which is sufficient to give the Court subject matter jurisdiction. In support of this contention, Crabtree cites numerous cases which hold that an informal claim is sufficient to toll the running of the statute of limitations under § 7422 where a formal claim is filed after the prescriptive period has run.[4] Crabtree fails, however, to cite a single case in which an informal claim which a taxpayer sent to the IRS was held sufficient to give the court subject matter jurisdiction.

**2.** 28 U.S.C. § 2201(a) provides:

In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under Section 505 or 1146 at Title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (Emphasis supplied)

**3.** 26 U.S.C. § 7422(a) provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have

been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

**4.** *See United States v. Kales*, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941), wherein the Supreme Court stated:

This Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim *where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period*. [citations omitted] (Emphasis supplied) 314 U.S. 186 at 194, 62 S.Ct. 214 at 218.

Even if the filing of an informal claim would give the court subject matter jurisdiction, Crabtree's various pre-seizure communications with the IRS are insufficient to constitute an informal claim. Informal claims must satisfy certain requirements of clarity and specificity. *Bauer v. United States*, 594 F.2d 44, 46 (5th Cir. 1979). The informal claim must inform the IRS that the taxpayer believes he has been subjected to an erroneous or illegal tax exaction and that he desires a refund because of such action. *Barenfeld v. United States*, 442 F.2d 371, 374, 194 Ct.Cl. 903 (1971).

Crabtree has not communicated with the IRS since he was advised that his tax refund had been seized. Furthermore, plaintiff has never set forth a specific claim for the amount sued upon, nor has he waited 60 days for allowance or disallowance of his claim as is required by 26 U.S.C. § 6532(a)(1).[5] Despite the above findings, plaintiff argues that the IRS has been put on notice that he desires a refund since he has been contesting his liability for Diva's taxes for the last six years. Crabtree seeks to have this Court disregard the requirements of §§ 7422(a) and 6532(a)(1) as unnecessary and inappropriate "digressions." However, the Court must apply the law as written by the Congress. It is not the function of the courts to disregard or rewrite a statute passed by the Congress that is clear and specific. Therefore, the requirements of § 7422(a) must be met, even though there is a substantial likelihood that the claim will be rejected. *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 273, 51 S.Ct. 376, 378, 75 L.Ed. 1025 (1931); *Bohn v. United States*, 467 F.2d 1278, 1279–80 (8th Cir.1972). In *Felt & Tarrant*, the Supreme Court stated:

> The necessity for filing a claim such as the statute requires is not dispensed with

because the claim may be rejected. It is the rejection which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation.

While Crabtree's frustration with the IRS is understandable, such frustrations on the part of a taxpayer do not supply the court with the requisite subject matter jurisdiction to adjudicate the suit plaintiff has filed herein.

Therefore:

IT IS ORDERED that the motion of the United States of America to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted be and it is hereby GRANTED.

IT IS FURTHER ORDERED that plaintiff's suit shall be dismissed with prejudice.

Judgment shall be entered accordingly.

---

5. 26 U.S.C. § 6532(a)(1) provides:
   No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision there-

on within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.