Charles W. HERRING, Jr.,
Plaintiff-Appellant,

v.

James J. MOORE, Internal Revenue
Service, Cora Hines, et al.,
Defendants-Appellees.

No. 83–2709
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1984.

Charles W. Herring, Jr., pro se.

Richard W. Perkins, Atty., Patricia A. Willing, William Guild, U.S. Dept. of Justice, Tax Div., Dallas, Tex., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Tax Div., U.S. Dept. of Justice, Washington, D.C., for Moore.

Brack Jones, Beaumont, Tex., for Hines and Eldridge.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant, Charles W. Herring, Jr., as an employee of Eldridge Electric Company owned by Cora Hines, undertook to refuse to subject his wages to income tax withholding. He brought this suit to enjoin the Internal Revenue Service and its employee, James J. Moore, from collecting a $500 civil penalty imposed upon him for providing false information with respect to withholding and further sought to compel by injunction the IRS and Eldridge Electric to honor a W–4 form in which taxpayer claimed to be exempt from the withholding provisions of the statute. The district court granted motions by Moore, the IRS, Cora Hines, and Eldridge Electric to dismiss for failure to state a claim upon which relief could be granted. The court further ordered that a "notice of laboror's claim of lien" filed by the taxpayer with a county clerk in Jefferson County, Texas, was void and of no effect.

■ Herring's original suit was frivolous, and it is obvious that this appeal is also. The short answer is that the "Anti-Injunction Act" makes very clear that injunctive relief does not lie to restrain the assessment or collection of taxes and the $500 civil penalty imposed upon appellant for providing false information with respect to withholding. 26 U.S.C. § 7421(a). The $500 penalty is also a tax within the meaning of the anti-injunction statute. E.g., Souther v. Mihlbachler, 701 F.2d 131 (10th Cir.1983).

■ There is no possibility that this taxpayer suit could fall within the judicially created exception to the Act which requires a showing that (1) construing the law and the facts in favor of the government as much as possible the government still could not prevail and (2) that the taxpayer would otherwise suffer irreparable injury for which there is no adequate remedy at law. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). Taxpayer cannot meet either requirement.

The likelihood that taxpayer could prevail against the government on the merits is virtually nil. The taxpayer has never set out any valid reason why he, as a wage earner, nevertheless would not be subject to income taxes. Obviously the government was not required administratively to accept such a baldfaced and incredible contention without any support whatsoever. As to the irreparable injury, taxpayers have adequate remedies for hearings by paying taxes and suing for refunds. As to a civil penalty, suit can be instituted in the district court or the court of claims to challenge such a penalty.

■ Appellant has also moved for a default judgment in his favor on the ground that all defendants were directed by the district court to file briefs at an earlier stage in this case and that no briefs were filed. In making this contention appellant undertakes to mislead the Court. The transcript makes clear that the district judge simply gave the opportunity to defendants to file briefs. It gave no order to do so.

Appellant's motion and contention is simply a further example of the frivolous and obstructionist nature of his entire lawsuit. The costs on this appeal and on the motion for default judgment are to be taxed wholly to appellant Herring.

DISMISSAL OF CAUSE OF ACTION AFFIRMED.

MOTION FOR DEFAULT JUDGMENT DENIED.