Glen E. LeBLANC

v.

Patrick SHIREY, et al.

David M. PARKER

v.

Michael BECK, et al.

Ocie E. TOLIVER

v.

C. ZABLOCKI.

Dale CARTER

v.

C. ZABLOCKI.

Beverly FONTENOT

v.

C. ZABLOCKI.

James E. BALDWIN, III

v.

Marie JACKSON.

Michael TOLIVER

v.

C. ZABLOCKI.

Betty Jean CAPPS

v.

Roscoe EGGARS, et al.

Joe C. McGOVERN

v.

U.S., et al.

Civ. A. Nos. B–82–1162–CA, B–82–1196–CA, B–83–9–CA, B–83–18–CA, B–83–34–CA, B–83–85–CA, B–83–362–CA and B–83–756–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 30, 1984.

Glen E. LeBlanc, David M. Parker, Ocie E. Toliver, Dale Carter, Beverly Fontenot, James E. Baldwin, Michael Tolliver, Betty Jean Capps and Joe C. McGovern, pro se.

Bob Wortham, U.S. Atty., Beaumont, Tex., for defendants.

## FINAL ORDER

JOE J. FISHER, District Judge.

The Plaintiffs complain generally that the Defendants and the Internal Revenue Service violated their Constitutional right to due process of law by imposing a $500 penalty upon them without notice, hearing, or right of appeal. They seek to enjoin or invalidate the collection of the penalty as an unconstitutional taking of property.

Following the court's denial of temporary restraining orders, the Government Defendants moved to dismiss for lack of jurisdiction or for summary judgment. Defendants argued, first, that the United States of America, rather than the individuals, was the real party in interest, but had not been joined. Second, Defendants claimed the court lacks subject matter jurisdiction because the complaint fails to state a cause of action upon which relief can be granted. Equating the penalty with a tax, they insist the court can hear only a refund suit and may not enjoin the collection of the penalty *qua* tax.

## THE ALLEGED MISDEED

The facts in each case are similar and appear to be as follows. Plaintiffs filed forms W–4 on which they claimed exemption from income tax withholding as allowed in 26 U.S.C.S. 3402(n). By form letters the IRS told them the forms W–4 did not meet the requirements of section 3402 of the Internal Revenue Code. Moreover,

the letters noted "we are assessing the $500 penalty" provided by section 6682 for false information with regard to withholding. Some of the plaintiffs responded by demanding, in effect, an administrative appeal of the penalty decision. Thereafter, the IRS billed each Plaintiff for the $500 penalty. The responding Plaintiffs received additional form letters acknowledging their response. The IRS letters concluded that the information sent did not justify waiving the penalty. The IRS gave "FINAL NOTICE" that the penalty, now referred to as "taxes," was overdue and must be paid within ten days. Letters announced the possibilities of tax liens being filed, garnishment of wages, levying upon bank accounts, and the seizure and sale of property. The Plaintiffs claim that the IRS gave them no notice, no hearing, and no chance to appeal the penalty.

## DEFENDANT NOT A PROPER PARTY?

■ The exercise by an officer of *unconstitutional* statutory powers can be made the basis of a suit for specific relief against the officer as an individual; although the relief sought may operate against the United States. *Dugan v. Rank*, 372 U.S. 609, 621–22, 83 S.Ct. 999, 1006–07, 10 L.Ed.2d 15 (1963); *Malone v. Bowdoin*, 369 U.S. 643, 647, 82 S.Ct. 980, 983, 8 L.Ed.2d 168 (1962); *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947).

This is so when the actions of the officer are either "not within [his] statutory powers or, if within those powers, only if the powers or their exercise in the particular case, are constitutionally void." *Larson*, 337 U.S. at 701–02, 69 S.Ct. at 1467. So also recovery may be had of property in an action against an official when the statute under which the seizure of property was made is unconstitutional. *Id.* 337 U.S. at 712–13, 69 S.Ct. at 1472–73 citing *Poindexter v. Greenhow*, 114 U.S. 270, 5 S.Ct. 903, 29 L.Ed. 185 (1884). Since the Plaintiffs attack the Constitutionality of the statute enforced by the Defendants, the individuals are a proper party to the suit.

## MAY THE COURT ENTERTAIN THE SUIT?

■ Defendants' second argument, that the Plaintiffs fail to state a claim for which relief can be granted, has two prongs that rely on a common premise. Defendants first insist that the Plaintiffs may only attack the "assessment" via a refund suit, not a suit to stop the collection of the penalty. Second, they correctly note that the "Anti-Injunction Act," 26 U.S.C. 7421, prohibits suits to restrain "the assessment and collection of any tax ..." Clearly, both arguments are correct as to taxes.

The Plaintiffs protest, however, that they are victims to a penalty, not a tax. The power of the court to enjoin the assessment or collection of the $500 liability hinges, therefore, upon the nature of the liability. If it be a tax, the court should not interfere. If the $500 sought is a penalty, however, the Anti-Injunction Act should not apply. The nature of the "assessment" emerges as the crucial issue before the court: is it a penalty, or merely a tax?

The premise supporting Defendants' arguments above is that the penalty is merely a tax. The Defendant draws that conclusion from 26 U.S.C. 6671(a), which provides

The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

While the meaning of the provision is not altogether clear, the paragraph ostensibly equates the $500 penalty with an ordinary tax liability, thus concealing its punitive quality. Adding to the confusion, the government brief euphemistically describes the penalty as an "assessment."

The proposition that the penalty is actually a tax is startling. If this be a tax, what sort is it? The penalty is obviously not an income tax or an excise tax, not an import duty or an estate tax. Moreover, such penalties are emphatically not direct taxes. *Cash v. Campbell*, 346 F.2d 670, 673 (5th Cir.1965).

Merely calling the penalty a "tax" or an "assessment" does not alter the true nature of the pecuniary extraction. While many citizens might think federal taxes approach punitive levels, surely all understand the crucial difference between a tax and a penalty. Taxes raise revenue; penalties punish. That penalties incidentally raise revenue and taxes incidentally punish does not alter their identity. And the Defendants' equivocation does not change the fundamentally punitive nature of the penalty. The IRS seeks $500 from each Plaintiff not to fund swollen government spending but to punish their alleged misdeeds. The attempt by the government to transmogrify a penalty into a mere "tax liability" goes too far. Simple intellectual honesty requires that we call this thing what it is. The character of a penalty is by no means changed by giving it another name. *Simonson v. Granquist*, 369 U.S. 38, 41, 82 S.Ct. 537, 539, 7 L.Ed.2d 557 (1962).

The court understands section 6671(a) to provide for the *collection* of penalties, not for their *imposition*. Obviously, penalties cannot be imposed in the same manner as taxes. Income taxes are imposed upon earners of income in direct relation to the amount of their taxable income; this penalty is imposed upon wrongdoers for filing false forms W–4. While tax liability accrues absent any procedure, penalty imposition requires an act of government. And where a penalty is involved, one would normally expect the government to provide some due process in determining liability. Once the penalty has been imposed with the proper regard for Constitutional guarantees of due process, however, the law provides "it shall be assessed and collected in the same manner as taxes." 26 U.S.C. 6671.

The court believes that the Plaintiffs challenge the imposition of a penalty and not a tax, and that necessarily, the Anti-Injunction Act does not apply. A recent opinion by the Court of Appeals for the Fifth Circuit, however, holds to the contrary. *Herring v. Moore*, et al., 735 F.2d 797 (5th Cir.1984). The court, therefore, is without power to grant the injunctive relief sought by the Plaintiffs.

## THEIR DAY IN COURT

Concerned that the officers of the government may have acted high-handedly in assessing penalties, the Court retained jurisdiction and delayed ruling on the Defendants' motions until a hearing could be held and evidence considered. The parties were invited to appear and offer evidence and argument on all pending motions. Four Plaintiffs appeared *pro se*. The Court has carefully considered the evidence, argument, and briefs before it.

Mrs. Capps appeared with a representative of the Constitutional Rights Foundation with whose assistance she articulately argued her case. Based on her testimony, the court finds that she filed the unsigned forms W–4 in question and that she has been employed since 1976. Moreover, income taxes were collected on her 1981 and 1982 earnings. Mrs. Capps insists, however, that "wages are not income" and that, therefore, she had no tax liability during the years in issue. Although she corresponded with the IRS and telephoned its office, her "Constitutional" arguments were not well received. The IRS collected the penalty plus interest by levying on her wages.

Mr. Parker filed a somewhat bizarre document requesting the court to declare the extent of his rights and liabilities to the government. He adamantly insisted that he had a right to a jury hearing of his case. Parker justified his claim of tax exemption with his assertion that "wages are not income." He had earned wages during the relevant year and the IRS collected the penalty by levy.

Mr. LeBlanc made his exempt statement based on his understanding of the U.S. tax laws. The IRS, he claimed, ignored his requests that it define income, employee, tax liability, etc. Mr. LeBlanc claimed not to have received wages or income in the years involved, but acknowledged receiving "just compensation" in exchange for his labor. His belief that "wages are not income" gave him a "reasonable basis" for claiming exempt, he maintained.

Mr. Tullier, whose cause is not here included, appeared at the hearing and moved for leave to dismiss his complaint. The government did not object and the court granted his motion. A separate order has been entered to that effect.

Plaintiffs Baldwin, Carter, Fontenot, McGovern, M. Tollier, and O. Tolliver did not appear at the hearing and were not represented by counsel. In considering their cases, the court necessarily relied upon their pleadings and previously filed briefs. Mrs. Capps and Messrs. LeBlanc and Parker conducted themselves well during the hearing despite their lack of legal training, and they appeared to be intelligent and responsible citizens.

Tom Norman, a special assistant U.S. Attorney from the IRS District Counsel's Office, testified on behalf of the government. He explained the procedure followed by the IRS in reviewing exempt forms W-4 and in assessing penalties under sec. 6682. He testified that the IRS asks employees who have claimed exemption from withholding to explain their basis for doing so. One's failure to responsively reply within fifteen days causes the IRS to order one's employer to begin withholding based on one deduction. The IRS assesses the penalty and so informs the employee. Thereafter, the collection procedure resembles that for delinquent taxes. Numerous collection letters, however, precede collection of the penalty by garnishment, levy, or the like.

## PLAINTIFFS' CLAIMS FOR RELIEF

■ While the Court might be inclined, at least in hardship cases, to consider granting injunctive relief to the penalty assessment, the law in this Circuit is now "very clear" on that point. "[I]njunctive relief does not lie to restrain the assessment or collection of taxes and the $500 civil penalty imposed upon [Plaintiffs] for providing false information with respect to withholding." *Herring v. Moore,* 735 F.2d 797, 798 (5th Cir.1984). Necessarily, the Court therefore denies Plaintiffs' requests for injunctive relief.

■ The records do not clearly show whether Plaintiffs have all paid the penalties and sought refund from the IRS. Assuming that Plaintiffs have done so, the Court perceives no basis in the evidence justifying invalidation of the penalty assessments. The law requires imposition of the penalty if, when the form W-4 statement "result[ing] in a decrease in the amounts deducted and withheld ... was made, there was no reasonable basis for such statement ..." 26 U.S.C.S. 6682. Necessarily, all were employed when they filed the forms W-4. Most of the Plaintiffs were well paid tradesmen, and probably not unfamiliar with the higher tax brackets. The Court finds that Plaintiffs clearly had no reasonable basis for their statements. They claimed, variously, not to be persons subject to tax, that their earnings were not "income," and that taxes are, generally, unconstitutional.

Like the appellant in Herring, these Plaintiffs "never set out any valid reason why [they], as ... wage earner[s], nevertheless would not be subject to income taxes. Obviously the government was not required to accept such a baldfaced and incredible contention without any support whatsoever." 735 F.2d at 798. Finding no reasonable basis for the Plaintiffs' claims of exemption, the court holds that the penalties were justifiably imposed.

■ Having found the ends justified, the Court considers the means employed to reach them. Plaintiffs vaguely allege in their complaints that the penalties were assessed without notice, hearing, or appeal. Were that assertion true, due process

would be lacking and summary judgment would be inappropriate. The record shows, however, that the Plaintiffs were given notice that their forms W–4 were irregular. Moreover, the IRS invited Plaintiffs to correct or to justify their claims for exemption from withholding. Additional correspondence from the IRS preceded its collection of the penalties.

While letters from the IRS do not amount to a hearing, it is apparent that the IRS procedure at least allows a taxpayer ample opportunity to respond and challenge the government's penalty assessment *prior* to the deprivation. Clearly, the Plaintiffs were free to call, write, or visit in person with a responsible agent of the government and contest the assessment prior to the collection of the penalty. And although additional procedural safeguards might arguably be desirable, the court does not find their absence in these circumstances to be a violation of due process. It appears that Plaintiffs simply declined to avail themselves of the procedural protection accorded them. Based on the evidence presented, the Court finds no genuine issue as to any material fact and concludes that, as to Plaintiffs' due process claims, Defendants are entitled to judgment as a matter of law.

In addition to challenging Sec. 6682 penalties, three Plaintiffs seek relief under separate theories from private parties. Plaintiffs LeBlanc and Parker filed similar complaints against fellow employees. Mr. LeBlanc vaguely complains that Cora Hines, apparently a co-worker at Eldridge Electric Co., Inc., unlawfully collected money on instructions of the IRS. Mr. Parker seeks damages from C.W. Copeland, a co-worker at duPont, for "allow[ing] defendants ... to unlawfully garnish [his] wages" on instructions from Defendants.

Plaintiff McGovern seeks invalidation of a tax assessment and tax lien arising from underpayment of income taxes in 1979. He further complains that the levy and sale of real property in satisfaction of his tax liability was unlawful. In that regard, McGovern joined Basco Construction and Lumber Co., the purchaser at the IRS sale of his property.

The record indicates that Defendants Hines and Copeland, acting on behalf of their employers, merely complied with the lawful instructions of the IRS to disregard the "exempt" forms W–4 filed by LeBlanc and Parker, respectively, and to withhold taxes from Plaintiffs' income based on one deduction, until further notice from the IRS. In addition, the IRS apparently garnished wages in satisfaction of the unpaid penalty.

The law requires one in possession of property subject to a tax levy to surrender it to the Secretary of the Treasury on demand. 26 U.S.C.S. 6332(a). Section 6332(c) makes the holder of property subject to a levy personally liable to the IRS for an amount equal to the value of the property. Moreover, Section 6332(d) relieves the holder of such property from any liability to the taxpayer for surrendering it on demand to the Secretary. Clearly, Congress has the power to require withholding on wages, *Beatty v. Commissioner of Internal Revenue,* 667 F.2d 501 (5th Cir.1982), and, necessarily, the employer is obliged by law to do so. 26 U.S.C.S. 3402(a), *et seq.*

The complaints of Messrs. LeBlanc and Parker against their employer are bizarre and frivolous. Indeed, they are blatant examples of litigants acting in bad faith and for oppressive reasons. The disputes of Messrs. LeBlanc and Parker are with their government and its tax laws, not with their employers. Obviously, neither the employers nor the payroll clerks can be expected to interject themselves—least of all in the face of civil and criminal penalties—into the Plaintiffs' battle with the IRS.

Plaintiff McGovern apparently seeks declaratory relief invalidating Defendant Basco's purchase of real property sold by the IRS in satisfaction of income tax liability. The Court perceives no basis for invalidating the sale. The deed given by the IRS pursuant to 26 U.S.C.S. 6338 "operate[d] as a conveyance of all the right, title, and interest the [Plaintiff] had in and to the

real property ... at the time the lien of the government attached thereto." 26 U.S.C.S. 6339(b). Moreover, in his answer, Basco offered to allow McGovern to redeem the property as provided by 26 U.S.C.S. 6337(b). As to Basco, Plaintiff utterly failed to allege any theory which justifies Basco's joinder. The Court finds McGovern's complaint against Basco to be manifestly oppressive and brought in bad faith.

 McGovern's complaint against the IRS agents challenging the tax lien and subsequent sale of his property is unfounded. The real property was not exempt from levy. 26 U.S.C.S. 6334(a), *et seq.* Plaintiff does not allege the sale was conducted other than as required by law. *See* 26 U.S.C.S. 6335, *et seq.* Although a third-party with an interest or lien on the property may sue the United States for wrongful levy, the liable taxpayer has no such right. 26 U.S.C.S. 7426(a)(1). See *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). And finally, the government officials who seize and sell property in accord with lawful procedures—the violation of which has not been here alleged—are immune from suit for damages resulting from their acts. *Bridges v. Internal Revenue Service*, 433 F.2d 299 (5th Cir.1970). The Court concludes, therefore, that, as to the levy and sale of the property, Plaintiff fails to state a claim for relief.

### THE PRICE OF FRIVOLITY

 Having reviewed the records, the Court finds the complaints of the Plaintiffs to be frivolous, the cases of Messrs. Le-Blanc, Parker, and McGovern being the most egregious of the lot. Inasmuch as the pleadings of the Plaintiffs are not "well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," the Court is compelled to impose appropriate sanctions upon the miscreant parties. Fed.R.Civ.P. 11.

In 1981, the Court of Appeals for the Fifth Circuit published an opinion "as notice to future litigants that the continued advancing of these long-defunct arguments" invites the sanctions allowed by law. *Lonsdale v. C.I.R.*, 661 F.2d 71, 72 (5th Cir.1981). In that case, the taxpayer raised numerous frivolous objections to the operation of the income tax laws. In two later attacks on the tax system, the court assessed double costs because the plaintiffs' appeals were meritless and frivolous. *Steinbrecher v. C.I.R.*, 712 F.2d 195 (5th Cir.1983); *Knighten v. C.I.R.*, 702 F.2d 59 (5th Cir.1983). The court observed that "[M]eritless appeals of this nature are becoming increasingly burdensome on the federal tax system." *Steinbrecher*, 712 F.2d at 199, quoting *Edwards v. C.I.R.*, 680 F.2d 1268, 1271 (9th Cir.1982).

More recently, the Court of Appeals sounded "a cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years. The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal." *Parker v. C.I.R.*, 724 F.2d 469, 472 (5th Cir.1984).

Beyond doubt, litigants pursuing frivolous tax-related suits are on notice that sanctions will be imposed for abusing the judicial system. Naturally, the trial court is especially "sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of the law." *Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir.1984). That is why the court held a lengthy hearing instead of merely dismissing the suits summarily. Like the court in OCrain, the judge endured a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." *Id.* The court therefore finds that sanctions should be imposed and orders the Plaintiffs to pay all costs of court.

At the trial level, a prevailing party is ordinarily not entitled to recover legal expenses. There are exceptions, however, such as when the losing party has abused the system by acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct.

1612, 1622, 44 L.Ed.2d 141 (1975). The cases of Messrs. LeBlanc, Parker, and McGovern against the non-government defendants epitomize the litigant acting in bad faith and for oppressive reasons. Their actions were but attempts to harass and impose oppressive burdens on Defendants Hines, Copeland, and Basco. The Court therefore orders that Plaintiffs LeBlanc, Parker, and McGovern pay the reasonable attorneys' fees incurred by Defendants Copeland, Hines, and Basco, respectively, upon proof thereof.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the Motions of the Defendants for Summary Judgment be and are hereby GRANTED, and the causes are in all things DISMISSED with prejudice, costs and attorneys fees to be paid by the Plaintiffs indicated above.