762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD EHRMANTRAUT, PLAINTIFF-APPELLANT,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE AND UNITED STATES
OF AMERICA, DEFENDANTS-APPELLEES.
 NO. 83-1644
 United States Court of Appeals, Sixth Circuit.
 3/11/85
 
 ORDER
 BEFORE: MERRITT and CONTIE, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's judgment dismissing his civil action and awarding costs, including attorney's fees, to defendants. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, including the transcript, and the briefs, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Pursuant to 26 U.S.C. Sec. 6682(a) the Internal Revenue Service (I.R.S.) assessed a civil penalty of $500 for plaintiff's alleged filing of a false Employee's Withholding Allowance Certificate (Form W-4). Instead of paying the penalty, plaintiff filed suit to enjoin the collection of the penalty and to compel the I.R.S. to provide him with information regarding his appeal rights pursuant to the Privacy Act and to provide him with copies of all records of assessments against him under the Freedom of Information Act (FOIA). The district court denied the injunction and dismissed the action on the basis that it lacked jurisdiction to grant injunctive relief under the Anti-Injunction Act, 26 U.S.C. Sec. 7421. The district court judgment also granted costs to the defendants. This appeal ensued.
 
 
 3
 Initially, it is concluded that defendants' argument that this Court lacks jurisdiction of this matter is not well taken. Defendants argue that the April 29, 1983 district court order denying the injunction and dismissing the action was a final and appealable order. Defendants argue that since plaintiff failed to file a timely appeal from that order, this Court lacks jurisdiction. The judgment entered on July 15, 1983, rather than the order entered on April 29, 1983, complies with Rule 58, Federal Rules of Civil Procedure. Since plaintiff filed a timely appeal from that judgment, this Court has jurisdiction over this matter.
 
 
 4
 Turning to the merits, it is concluded that the district court correctly dismissed this case. The Anti-Injunction Act prohibits the district courts from entertaining lawsuits which seek to enjoin the assessment or collection of taxes. See 26 U.S.C. Sec. 7421(a). It is settled that the penalty assessment under 26 U.S.C. Sec. 6682 is a tax and the Anti-Injunction Act applies to any lawsuit which seeks to enjoin the assessment or collection of the penalty. Herring v. Moore, 735 F.2d 797, 798 (5th Cir. 1984) (per curiam); Souther v. Mihlbachler, 701 F.2d 131, 132 (10th Cir. 1983); Professional Engineers, Inc. v. United States, 527 F.2d 597, (4th Cir. 1975). There is an exception to the Act. Under Enochs v. Williams Packing and Navigation Company, 370 U.S. 1, 6-8 (1962), a literal application of Sec. 7241(a) can be avoided where the taxpayer shows that 1) under no circumstances could the government establish its claim to the tax and 2) the taxpayer would suffer irreparable injury for which there is no adequate remedy at law. Accord Bob Jones University v. Simon, 416 U.S. 725, 737 (1974). Here plaintiff can meet neither prong of the test, and the exception does not apply. Plaintiff's argument that he was denied due process and that he was denied information under the Privacy Act and the FOIA are frivolous. Moreover, plaintiff fails to show how he will be irreparably harmed. The district court did not err in dismissing this action. Furthermore, we do not find that the district court abused its discretion in awarding costs.
 
 
 5
 It is, therefore, ORDERED that the district court's judgment of July 15, 1983 is affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.