**Betty Jean CAPPS, Plaintiff-Appellant,**

v.

**Roscoe EGGERS, Commissioner of Internal Revenue Service, Defendant-Appellee.**

**No. 85–2020**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1986.

Betty Jean Capps, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Michael L. Paup, Chief, Appellate Sec., Richard W. Perkins, Kenneth L. Greene, Washington, D.C., for defendant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Betty Jean Capps appeals a summary judgment dismissing her action in which she sought to enjoin collection of a penalty assessed under 26 U.S.C. § 6682. Finding her contentions on appeal to be totally devoid of merit and wholly frivolous we affirm the district court, grant the government's motion for sanctions, Fed.R.App.P. 38, award double costs and attorneys' fees, and remand.

### Background

Capps filed a Form W-4, Employee's Withholding Allowance Certificate, in which she claimed that her 1982 wages were exempt from the income tax withholding provisions. Finding that the Form W-4 contained false information, the Internal Revenue Service invoked 26 U.S.C. § 6682 and assessed a $500 civil penalty. Acting *pro se* Capps opted to file the instant suit for injunctive relief against the Commissioner, rather than pay the penalty and thereafter judicially challenge the assessment.

The trial judge permitted Capps an opportunity to amend her complaint to add the United States as a defendant. Capps did not do so but simply included the United States as a defendant in the caption of a subsequent pleading entitled "Supplementary Memorandum of Law in Opposition of Motion to Dismiss." The court consolidated Capps' suit with several others which raised similar issues. After a hearing at which Capps testified and argued her legal position, essentially claiming that "wages are not income," the court dismissed her suit and, finding her complaint frivolous, awarded costs to the government. *LeBlanc v. Shirey*, 598 F.Supp. 747 (E.D.Tex. 1984).

### Analysis

Capps raises three issues on appeal. The first, that the trial judge erred in consolidating her case with other similar cases for the evidentiary hearing was not raised below, nor was there a motion for severance. The issue is not preserved for appeal. Even if it were, we note for purposes of the imposition of Fed.R.App.P. 38 penalties that this issue is frivolous. At the hearing the court heard Capps' evidence and legal presentation and in its ruling separately and specifically addressed her contentions. The district court has broad discretion to consolidate cases. A close look at the instant record reflects not even a shadow thrown upon that discretion. *Miller v. United States Postal Service*, 729 F.2d 1033 (5th Cir.1984); *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006 (5th Cir.1977).

Capps next argues that the assessment and collection of the $500 penalty violates due process. We have held that the $500 penalty established by 26 U.S.C. § 6682 is a tax for purposes of 26 U.S.C. § 7421(a). *Herring v. Moore*, 735 F.2d 797 (5th Cir.1984). Our *Herring* decision, thrice cited by the trial court during the course of its Final Order, made clear that the $500 civil penalty is the equivalent of a tax. There is no due process violation inherent in requiring a taxpayer to pay a tax levy before challenging its validity. *Anderson v. United States*, 754 F.2d 1270 (5th Cir.1985); *Zernial v. United States*, 714 F.2d 431 (5th Cir.1983).

Capps' final contention is that the "Anti-Injunction Act," 26 U.S.C. § 7421,

does not proscribe her suit to enjoin the collection of the civil penalty. This argument is made in the teeth of our declaration in *Herring* "that the 'Anti-Injunction Act' makes very clear that injunctive relief does not lie to restrain the assessment or collection of taxes and the $500 civil penalty imposed upon appellant for providing false information with respect to withholding." 735 F.2d at 798. Nor can Capps maintain with even a modicum of arguable merit that she fits within the judicially created exception to 26 U.S.C. § 7421 "which requires a showing that (1) construing the law and the facts in favor of the government as much as possible the government still could not prevail and (2) that the taxpayer would otherwise suffer irreparable injury for which there is no adequate remedy at law." *Id.* Capps does not even approach satisfying either requirement.

Capps' claim that wages are not taxable income has been repeatedly rejected. *Lucas v. Earl,* 281 U.S. 111, 114, 50 S.Ct. 241, 74 L.Ed. 731, 733 (1930) ("There is no doubt that the statute [the then applicable revenue act] could tax salaries to those who earned them...."); *United States v. Romero,* 640 F.2d 1014, 1016 (9th Cir.1981) (The contention that the taxpayer "was not a 'person' and that the wages he earned as a carpenter were not 'income' is fatuous as well as obviously incorrect."); *Lonsdale v. C.I.R.,* 661 F.2d 71, 72 (5th Cir.1981) (The contentions that wages are not taxable income "are stale ones, long settled.... As such they are frivolous."); *Stelly v. C.I.R.,* 761 F.2d 1113, 1115 (5th Cir.1985) ("It is clear beyond peradventure that the income tax on wages is constitutional.").

Further, Capps cannot suggest that no adequate remedy exists to challenge the penalty after it is paid. There plainly is. *Herring.*

■ Capps has persisted in her litigation in the face of clear, unambiguous, dispositive holdings by this and other appellate courts. Every issue raised on appeal is foreclosed by decisions regarding which there is no reasonable expectation of modification or withdrawal. Her appeal is manifestly and patently frivolous and constitutes an imposition upon the judicial system. Our warnings apparently have not been heeded. *Lonsdale,* 661 F.2d at 72: "We publish this opinion as notice to future litigants that the continued advancing of these long-defunct arguments invites [Fed. R.App.P. 38] sanctions...." *Parker v. C.I.R.,* 724 F.2d 469, 472 (5th Cir.1984): "This time we do not award damages but sound a cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years. The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal."

The government has moved for sanctions under Fed.R.App.P. 38. That motion is granted. We assess double costs and damages. The government suggests that we impose a sanction of $1,500 in cases of this sort. We decline to adopt a blanket approach to Rule 38 sanctions but remain persuaded that an award "should be based upon some showing in the record as to the amount of such damages." *Knoblauch v. C.I.R.,* 749 F.2d 200, 202–03 (5th Cir.1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 95, 88 L.Ed.2d 78 (1985). We remand to the district court for the determination and award of damages and double costs. *Burroughs v. Wallingford,* 780 F.2d 502 (5th Cir.1986); *Stelly.*

AFFIRMED and REMANDED for further proceedings.