**Harold R. FARNUM,
Plaintiff-Appellant,**

v.

**UNITED STATES of America, the Internal Revenue Service, and An Unknown Number of Its Agents, Defendants-Appellees.**

No. 85–3069.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 28, 1986 *.
Decided Nov. 10, 1986.**
Opinion March 2, 1987.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such state-

ment having been filed, the appeal has been submitted on the briefs and record.

\*\* This appeal was originally decided by unpublished order on November 10, 1986, 805 F.2d 1038. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

Harold R. Farnum, Chicago, Ill., for plaintiff-appellant.

Roger M. Olson, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice (Douglas G. Coulter & Gary R. Allen), Washington, D.C., for defendants-appellees.

Before BAUER, Chief Judge, CUDAHY and EASTERBROOK, Circuit Judges.

PER CURIAM.

Taxpayer Harold F. Farnum filed a *pro se* action against the United States, the Internal Revenue and an unknown number of its agents, seeking to restrain the collection of penalties assessed against him for the alleged filing of frivolous tax returns. Farnum also sought the refund of any amounts already paid towards the penalty, as well as compensatory and punitive damages. The district court dismissed the action for lack of subject matter jurisdiction. We affirm.

I.

Apparently Farnum had been content to dutifully pay his federal income taxes up until a few years ago when he "discovered" that it was his employer who should have been paying withholding taxes on Farnum's income all that while. Upon learning this "obscure fact," Farnum felt compelled to seek a refund of all of the with-

holding taxes which he had been "needlessly" paying over the years. To obtain the refund, Farnum filed Internal Revenue Service (IRS) form 843 entitled "Claim For Taxes Paid In Error." The IRS determined that Farnum's filings were the equivalent of frivolous tax returns and so assessed a $500 penalty against Farnum, under 26 U.S.C. § 6702, for each filing.

Notices of the assessments were sent to Farnum and the notice specified the procedures he would be required to follow if he chose to contest them. To contest the assessments, the notice instructed Farnum to either pay fifteen percent of the assessments and file a claim for a refund, or pay the full amount and contest the assessments by filing an action in district court. Rather than follow either of these procedures, however, Farnum paid nothing and filed suit seeking: (1) an injunction prohibiting the government from collecting the assessed penalties; (2) a refund of any amounts collected towards the penalties; (3) compensatory and punitive damages, and (4) costs and expenses. The district court dismissed the action for lack of subject matter jurisdiction. Farnum appeals.

## II.

■ Section 7421(a) of the Internal Revenue Code bars lawsuits instituted "for the purpose of restraining the assessment or collection of any tax...." 26 U.S.C. § 7421(a). Because the penalties assessed against Farnum are considered taxes within the scope of section 7421(a), see *Herring v. Moore*, 735 F.2d 797, 798 (5th Cir.1984), the district court properly found that it lacked jurisdiction to restrain the collection of the penalties. In addition, Farnum fails to meet either requirement of the judicially created exception to the Anti-Injunction Statute. See *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

Farnum attempts to persuade us that he somehow falls outside the scope of section 7421(a) because the IRS erroneously charged him with the filing of a frivolous tax return. Farnum argues that he did not file a tax return, but only a claim for a refund. He asserts, therefore, that he is not required to follow the procedures set forth in 26 U.S.C. § 6703 for challenging a penalty. Farnum misses the point. Regardless of a taxpayer's underlying reason for seeking an injunction against the collection of his taxes, unless the taxpayer meets the requirements of *Enochs* federal courts are without jurisdiction to entertain such a suit. Farnum's remedy for challenging the propriety of the penalties is by following the procedures which were clearly set forth in his notices of the penalties. *See also* 26 U.S.C. § 6703.

■ On appeal, Farnum also argues that his notice of the penalty was inadequate to meet due process standards. We will not consider this argument, however, as it was not raised below. *Prudential Ins. Co. of America v. Miller Brewing Co.*, 789 F.2d 1269, 1276 (7th Cir.1986).

■ Finally, the government requests that we award double costs and fees under Fed.R.App.P. 38. We hesitate to do so because, as we have instructed it to do, the district court properly informed this *pro se* litigant how to proceed if he chose to appeal that court's decision. In some cases it may seem a harsh result to then impose sanctions upon a litigant for choosing to follow those procedures and pursue an appeal which is in fact frivolous. For that reason, we now further instruct the district courts to caution *pro se* litigants that, in the event that their appeal should be deemed frivolous by the Court of Appeals, that court may impose sanctions under Rule 38.

■ Although there are factors in extenuation, we believe it is appropriate to impose sanctions in this case. Although Farnum's underlying claim regarding his filing of a "Claim for Taxes Paid in Error" does not seem frivolous, his method of pursuing this claim was frivolous. Farnum's notice of the assessments, 26 U.S.C. § 6703, and *Enochs* (which Farnum is apparently aware of since he relies upon it in his brief) all

make clear the procedures Farnum was required to follow to contest the assessments. Farnum chose to ignore those procedures, however, and to file this frivolous appeal. As we have repeatedly warned, we will not tolerate frivolous appeals—particularly in tax matters. For that reason, we affirm the judgment of the district court and award the government single costs and fees on this appeal.

AFFIRMED.