948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
A.G. EDWARDS & SONS, INCORPORATED, Plaintiff,
v.
Richard L. CONN, Defendant-Appellant,
and
Fannie Bobeck, Defendant-Appellee.
 No. 90-2108.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 7, 1991.*
Decided Dec. 6, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 This case involves an interpleader action brought by A.G. Edwards & Sons pursuant to Rule 22(1) of the Federal Rules of Civil Procedure. Richard Conn appeals the denial of his Rule 55(c) and Rule 60(b) motions to set aside and vacate a default and a default judgment against him. He also contests the district court's grant of summary judgment in favor of his grandmother, Fannie Bobeck. Ms. Bobeck asserts that this appeal was brought only for purposes of harassment and delay, and seeks sanctions against Mr. Conn under Rule 11 of the Federal Rules of Civil Procedure. After reviewing the decision of the district court as well as the record, we conclude that the district court properly granted summary judgment since there is no genuine issue as to any material fact and Ms. Bobeck is entitled to judgment as a matter of law. We also find that the district court applied the correct standards and did not abuse its discretion in denying Mr. Conn's Rule 55(c) and Rule 60(b) motions. We affirm the judgment of the district court for the reasons stated in the attached district court order.
 
 
 2
 The only remaining issue is Ms. Bobeck's request for sanctions. Rule 11 sanctions are not available on appeal. Hays v. Sony Corp. of America, 847 F.2d 412, 419-20 (7th Cir.1988). Rule 38 of the Federal Rules of Appellate Procedure is the proper avenue for imposing sanctions on appeal, so we will evaluate Ms. Bobeck's request under this rule.
 
 
 3
 Rule 38 sanctions are discretionary with the appellate court. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989). In determining whether to impose sanctions, we hold pro se litigants to a less exacting standard than we would hold attorneys, but pro se litigants are by no means immune to Rule 38. Reis v. Morrison, 807 F.2d 112, 113 (7th Cir.1986); Farnum v. United States, 813 F.2d 114, 116 (7th Cir.1987). The imposition of sanctions on appeal involves a two-step inquiry. First, we must decide that the appeal is in fact frivolous. If so, we must then determine whether this is an appropriate case for imposing sanctions. Williams v. U.S. Postal Service, 873 F.2d 1069, 1075 (7th Cir.1989); Mays v. Chicago Sun-Times, 865 F.2d 134, 138 (7th Cir.), cert. denied, 493 U.S. 900 (1989).
 
 
 4
 An appeal is regarded as frivolous when the result is foreordained or when the appellant's argument is wholly without merit. Indianapolis Colts v. Baltimore, 775 F.2d 177, 184 (7th Cir.1985). Under this standard, an appeal may be found frivolous when the appellant simply reiterates arguments that the district court has already properly rejected. Spiegel v. Continental Illinois Nat. Bank, 790 F.2d 638, 650 (7th Cir.), cert. denied, 479 U.S. 987 (1986). Mr. Conn's appeal falls into this category. His appeal is brought in the face of a well reasoned district court opinion, and his only really "new" arguments consist of vague accusations that opposing counsel was involved in some sort of scheme of collusion against him, and that his own counsel is somehow to blame for the default judgment.[1] Conn's appeal is frivolous under the standards of Rule 38.
 
 
 5
 We now consider whether this is an appropriate case for sanctions. Despite Ms. Bobeck's assertions in her brief, the record does not reveal that Conn continues to litigate this case in bad faith. See Reid v. United States, 715 F.2d 1148, 1155 (7th Cir.1983) (Sanctions are appropriate if the appeal was pressed "for purposes of delay or harassment or sheer obstinacy."). Rather, it appears that Mr. Conn acted primarily because of his misunderstanding of the legal issues and procedures implicated in this case. Although Mr. Conn's conduct in this matter may have been less than admirable, we decline to impose sanctions against him.
 
 
 6
 For the foregoing reasons, we deny the request for sanctions, but affirm the judgment of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 It is well established in this circuit that an attorney's actions are imputed to his client. Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir.1986). The proper remedy for attorney negligence is a malpractice action, not a reversal on appeal. See, e.g., Chicago Downs Assn. v. Chase, 944 F.2d 366 at 370 n. 1 (7th Cir.1991)