**Richard REISS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 92–1226.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Jan. 14, 1993.

Neal Shapiro, Minneapolis, MN, argued, for appellant.

Christine Grant, Washington, DC, argued (James A. Bruton, Gary R. Allen and Robert S. Pomerance, on the brief), for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and VAN SICKLE,* Senior District Judge.

* The Honorable Bruce M. Van Sickle, Senior District Judge, District of North Dakota, sitting by designation.

VAN SICKLE, Senior District Judge.

Richard Reiss appeals from the action of the district court[1] granting the motion of the IRS for a Rule 12 dismissal of his action seeking a refund of penalties. We affirm.

Reiss was an income tax preparer as defined in 26 U.S.C. § 7701(a)(36). After auditing a number of Reiss' clients' returns, the IRS determined that Reiss had willfully or negligently overstated deductions in some of the returns he prepared during 1986 and 1987. The IRS assessed penalties against Reiss in the amount of $5,000.00 for 1986 and $5,200.00 for 1987, in accordance with 26 U.S.C. § 6694.

As is provided in 26 U.S.C. § 6694(c), Reiss paid fifteen percent of the assessment and filed a claim for a refund with the IRS. The IRS denied the claim because Reiss failed to set forth his grounds for the claim as required by 26 C.F.R. § 301.6402–2(b)(1).

Reiss concedes that his application did not set forth the grounds of his claim. He asserts that his failure to state the grounds was excused by the IRS' failure to inform him of the grounds for the imposition of the penalties.

The district court found that "... the IRS sent Reiss a letter notifying Reiss of the assessments, a list of the taxpayers involved, and the particular subsections of 26 U.S.C. § 6694 involved." The district court then went on to hold that "the IRS did ... inform Reiss of the assessment and the particular taxpayers, forms and statutes involved" in a meeting with Reiss' attorney and later in a letter. This, the court held by implication, satisfied the duty of the IRS to inform Reiss of the reasons for the assessment and that he had the necessary information to list any claim he may have felt he had for getting a refund.

We affirm a district court's factual findings unless we find them to be clearly erroneous, *United States v. Walker*, 900 F.2d 1201 (8th Cir.1990). And we subject the district court's legal conclusions to de novo review. *United States v. Whitehead*, 912 F.2d 448 (10th Cir.1990).

■ The statute which mandates notice by the IRS, 26 U.S.C. § 7522, provides:

(a) General rule.—Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice. An inadequate description under the preceding sentence shall not invalidate such notice.

(b) Notices to which section applies.— This section shall apply to—

(1) any tax due notice or deficiency notice described in section 6155, 6212, or 6303.

(§ 6155 applies to assessable penalties.) § 7522 became effective in its present form after January 1, 1990. (Pub.L. 100–647, Title VI, # 6233(c), November 10, 1988, 102 Stat. 3755).

As pointed out by the court below, the IRS in its notice of assessment of penalty notified appellant Reiss of the assessment against each of ten returns prepared by him, the taxpayers involved, the tax years and forms involved, and the particular subsections of 26 U.S.C. § 6694 involved. The notice gave Reiss all the information he needed to identify the returns involved, the nature of the error charged, and the amounts of the assessment. The notice meets the "general fairness requirements of due process." See *Planned Investments, Inc. v. United States*, 881 F.2d 340, 344 (6th Cir.1989).

■ Reiss apparently does not realize that the assessment against him is not against him as a taxpayer, but as a tax preparer. Thus the notice to him is concerned only with assessable penalties, and adequate disclosure of the cause of those penalties. Also, the burden is on the taxpayer and the preparer, who made their statements on the tax return subject to the

---

**1.** The Honorable Paul A. Magnuson, Judge, United States District Court for the District of Minnesota.

penalties of perjury, to prove their claims that the returns are accurate. This is logical because the tax payer and tax preparer are uniquely able to control the evidence,[2] and the tax preparer—appellant is the plaintiff in the refund action.

In that penalties have only been asserted against the preparer, we conclude that the IRS has fully complied with 26 U.S.C. § 7522. Appellant's responsive claim as filed did not comply with 26 U.S.C. § 7422. It requires that in an action in any court for the recovery of a penalty claimed to have been collected without authority, or wrongfully collected, suit cannot be maintained until a claim for refund has been filed according to law and the regulations of the IRS. And the regulations require that a claim for refund must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the commissioner of the exact basis thereof .." 26 C.F.R. § 301.6402–2(b)(1). If the claim for refund does not meet these requirements, the refund suit must be dismissed. *Bohn v. United States*, 467 F.2d 1278, 1280 (8th Cir.1972); *Shanker v. United States*, 571 F.2d 8, 10 (8th Cir.1978).

 To summarize, a failure of a notice of assessment to include a description in accordance with section 7522 "shall not invalidate such notice." Even if there was a failure by the IRS to comply with Section 7522 (and there was not), appellant was still obliged under § 7422 to file a proper administrative claim for a refund, as a jurisdictional prerequisite to suing for the refund.

Accordingly, the judgment of the district court is affirmed.

---

**2.** The preparer may be shooting himself in the foot when he demands that the basis for the penalties be recited with more particularity. 26 U.S.C. §§ 6694(a) & (b) both provide that the penalties may be assessed "with respect to each *return* or *claim*." If the agent recites several specific claims of error within a given return, how can the agent justify a failure to assess a penalty as to each claim?