**Justin SCHLABACH, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 10–676T.**

United States Court of Federal Claims.

Feb. 17, 2011.

Justin Schlabach, pro se, Mead, Washington.

Michael J. Roney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defen-

dant. With him on the brief was John A. DiCicco, Acting Assistant Attorney General, Tax Division, Steven I. Frahm, Chief, Court of Federal Claims Section, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In this tax-refund case filed October 6, 2010, plaintiff, Justin Schlabach, seeks a refund of monies paid to the Internal Revenue Service ("IRS") in satisfaction of frivolous-filing penalties assessed under 26 U.S.C. ("I.R.C.") § 6702(c). On December 3, 2010, Mr. Schlabach filed an application for a temporary restraining order ("TRO"), requesting that the court enjoin the IRS from imposing a third frivolous-filing penalty upon him. This order addresses that application.

## BACKGROUND[1]

On February 7, 2008, Mr. Schlabach filed his tax return for the year 2007, seeking a refund of $1,314.00. Compl. ¶ 3–4. On or about December 1, 2008, Mr. Schlabach received a letter from the IRS charging him with a frivolous-filing penalty pursuant to I.R.C. § 6702(c). *Id.* ¶ 5. Mr. Schlabach filed a timely appeal which was denied in due course, and thereafter he paid the full penalty of $5,176.96. *Id.* ¶ 12–13, 15. In October of 2009, the IRS imposed upon Mr. Schlabach a second penalty in the amount of $5,000.00 for the filing of a frivolous appeal for the 2007 tax year. *Id.* ¶ 16. Subsequently, the IRS informed Mr. Schlabach that it had applied the $1,314.00 which Mr. Schlabach had claimed he was owed for the 2007

tax year plus $102.84 in interest to the amount then due on the second penalty. *Id.* ¶ 21. In December of 2009, Mr. Schlabach filed a claim for a refund of the first penalty, plus interest. *Id.* ¶ 19. Mr. Schlabach thereafter paid the remaining balance of the second penalty in the amount of $3,611.04, and, on February 5, 2010, filed a refund claim for that second penalty in the amount of $5,027.86. *Id.* ¶ 24, 25. No action appears to have been taken by the IRS on the merits of either of these two refund claims.

On October 6, 2010, Mr. Schlabach filed a complaint in this court seeking a refund of $10,204.82, the amount he paid to the IRS for the two frivolous-filing penalties. Then, on November 24, 2010, the IRS sent Mr. Schlabach a letter informing him of a third potential frivolous-filing tax penalty unless he withdrew his refund claims for the first two penalties, the claims at issue in this suit. Pl.'s Appl. for TRO ("Pl.'s Appl.") Ex. 1 (Letter from IRS to Mr. Schlabach (Nov. 24, 2010)); Def.'s Opp'n at 2.[2] The IRS identified those refund requests as having been filed on November 9, 2009. Pl.'s Appl. Ex. 1. The letter stated that the penalty would be assessed should Mr. Schlabach fail to withdraw the refund claims within thirty days. *Id.*[3] On December 3, 2010, Mr. Schlabach filed the application at issue, requesting that the court enjoin the IRS from imposing the third penalty. Pl.'s Appl. at 1–6. Currently pending before the court is that application, defendant's opposition, and plaintiff's reply to defendant's opposition.

## ANALYSIS

Mr. Schlabach's complaint seeking a refund of tax penalties paid in full was filed under the Tucker Act, 28 U.S.C. § 1491(a).

---

1. For purposes of resolving Mr. Schlabach's application, the court presumes that the allegations in his complaint are true. This recitation is provided as a background for the pending application and does not constitute findings of fact by the court. However, unless otherwise noted, the circumstances set out appear to be undisputed.

2. Of course, if Mr. Schlabach did withdraw the two refund requests, he would remove the jurisdictional predicate required by I.R.C. § 7422(a) for a refund claim in this court. *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 13–14, 128 S.Ct. 1511, 170 L.Ed.2d 392

(2008); *Reiss v. United States*, 983 F.2d 899, 900–01 (8th Cir.1993).

3. Counsel for the government advised the court that "[o]n December 6, 2010, defendant contacted the Service and requested that it voluntarily withdraw its notice of proposed assessment, in light of plaintiff's suit for refund in this [c]ourt. Defendant renewed its request on December 15, 2010. As of the date hereof [December 20, 2010], defendant's request remains unanswered." Def.'s Opp'n at 3 n.1.

Compl. at 1. Under that statute, this court lacks the power to award general equitable relief; rather, the court has authority to grant equitable relief only "as an incident of and collateral to a[ ] [money] judgment." 28 U.S.C. § 1491(a)(2); *see James v. Caldera*, 159 F.3d 573, 580 (Fed.Cir.1998).

▮ This court's equitable authority does not allow the court to enjoin the IRS from collection of penalties or taxes even if the IRS' assessment and collection is tied directly to a claim for a refund that is properly before the court. *See Ledford v. United States*, 297 F.3d 1378, 1381 (Fed.Cir.2002) ("[N]o statutory authority exists that would grant the Court of Federal Claims the power to enjoin an IRS collection proceeding."); *Harris v. United States*, 4 Cl.Ct. 418, 419 (1984) ("A preliminary injunction, issued prior to an adjudication on the merits of a claim, is not 'incident to a money judgment.'") (quoting *Smith v. United States*, 654 F.2d 50, 52 (Ct.Cl.1981)). Any disposition of the merits in this case would depend on events that presumably will take place at a point in time somewhat removed from now; the government only filed its answer to Mr. Schlabach's complaint on February 4, 2011.

▮ An additional obstacle to Mr. Schlabach's request is presented by the Anti–Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." I.R.C. § 7421(a).[4] The Anti–Injunction Act thus "flatly prohibits" the grant of injunctive relief regarding

IRS collection proceedings. *Ledford*, 297 F.3d at 1381; *see, e.g., Jordan v. United States*, 77 Fed.Cl. 565, 570 (2007) (Anti–Injunction Act "precludes the [c]ourt from exercising jurisdiction over [plaintiff's] ... claim to prevent the IRS from collecting" taxes and penalties).[5]

▮ In his reply, Mr. Schlabach attempts to avail himself of a judicially-created exception to the Anti–Injunction Act, Pl.'s Reply at 3–6, providing that injunctive relief may be issued notwithstanding the Act if: (1) "it is 'clear that under no circumstances could the government ultimately prevail'" and (2) "'equity jurisdiction' otherwise exists, i.e., [t]he taxpayer shows that he would otherwise suffer irreparable injury." *Commissioner v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976) (quoting *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962)).[6] Despite his efforts, Mr. Schlabach has not demonstrated that equitable jurisdiction "otherwise exists." In short, this court lacks the equitable authority now to afford him the relief he seeks.[7] As the Supreme Court in *Williams Packing* observed, "[t]he manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." 370 U.S. at 7, 82 S.Ct. 1125. Mr. Schlabach can pursue his claim for refund of the previously imposed penalties in the instant proceeding, and if the IRS pursues the threatened addi-

---

4. Penalties for frivolous submissions are a "tax" within the meaning of the Anti–Injunction Act. *See First Atlas Funding Corp. through Kersting v. United States*, 23 Cl.Ct. 137, 140 (1991), *aff'd*, 954 F.2d 733 (Fed.Cir.1992) (Table); *see also Farnum v. United States*, 813 F.2d 114, 115–16 (7th Cir.1987); I.R.C. § 6671(a); I.R.C. § 6702(a).

5. Excepted from the prohibition of the Anti–Injunction Act are cases arising under I.R.C. §§ 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436. None of those exceptions are applicable here.

6. *Shapiro* has been superseded in part by statute as stated in *Kindred v. Commissioner*, 454 F.3d 688, 695 (7th Cir.2006).

7. Mr. Schlabach cites *Bothke v. Fluor Eng'rs and Constructors, Inc.*, 713 F.2d 1405 (9th Cir.1983), *vacated on other grounds, Terry v. Bothke*, 468 U.S. 1201, 104 S.Ct. 3566, 82 L.Ed.2d 867 (1984), for the proposition that the Anti–Injunction Act does not preclude the granting of his application. Pl.'s Appl. at 1. In *Bothke*, the Ninth Circuit indicated in *dicta* that exceptions to the Anti–Injunction Act existed where the IRS failed properly to assess a tax or failed to provide an impartial hearing to contest the tax. 713 F.2d at 1412–13. As the government notes, *Bothke* "is not binding [o]n this [c]ourt," Def.'s Opp'n 9–10, and in all events the propriety of the IRS' actions to assess penalties against Mr. Schlabach is a matter to be addressed on the merits of this case, after appropriate development of evidence of record and argument.

tional penalty, he can pay that penalty and amend his complaint to seek refund of that further imposition.

## CONCLUSION

For the reasons stated, plaintiff's application for a temporary restraining order is DENIED.

It is so ORDERED.